UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MUSIC DEALERS, LLC, | ) |
| Plaintiff, | ) ) ) Case No. 1:12-cv-00712 |
| v. | ) ) ) Judge Sharon J. Coleman |
| SIERRA BRAVO CORPORATION, | ) Magistrate Judge Nan R. Nolan |
| Defendant. | ) ) ) |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. ("Rule") 9(b), 12(b)(6), 81(c)(2), and other governing rules and case law, Defendant Sierra Bravo Corporation (d/b/a "The Nerdery") ("Sierra Bravo" or "Defendant") hereby files its Motion To Dismiss Plaintiff's Complaint (the "Motion"). In support of the Motion, Sierra Bravo states as follows:

1. On December 13, 2011, Plaintiff, Music Dealers, LLC ("Music Dealers") filed its Complaint at Law ("Complaint") in the Law Division of the Circuit Court of Cook County, Illinois (the "Cook County Case"). On February 1, 2012, Sierra Bravo removed the Cook County Case to this Court. (Doc. No. 1.)

2. This case involves a project in which Sierra Bravo designed and developed an upgrade to software pursuant to a written Master Services Agreement and Scope of Work (collectively, the "Contract"). The Complaint includes two (2) counts: "Breach of Contract" (Count I), and "Fraud" (Count II). These counts, however, cannot stand or survive based on the unambiguous terms of the Contract, which is attached to and part of the Complaint. Dismissal *with prejudice*, therefore, is necessary.

3. Count I fails on two independent grounds. First, the Complaint alleges "breaches" that simply do not violate any terms of the Contract. Instead, the alleged "breaches" are based on supposed failures to include "functionality" described in separate, non-contractual "wireframe" documents. In addition, the Contract is clear that the allegedly breached promises were "estimates" or projections only, not binding duties on the part of Sierra Bravo.

4. Second, Count I also fails because the Contract includes an express and exclusive "Limited Warranty" under which Sierra Bravo would "correct any defects" within a thirty-day timeframe. There are no allegations that Sierra Bravo breached that Limited Warranty. Music Dealers also does not allege that it gave Sierra Bravo an opportunity to satisfy the Limited Warranty and "correct any defects." Count I fails as a matter of law on those grounds as well.

5. Music Dealers also cannot pursue the damages that it seeks under Count I. The Contract includes an unambiguous "Limitation of Liability" provision barring Music Dealers from seeking "indirect, incidental, consequential, punitive, or other special damages." Accordingly, Music Dealers cannot seek the business losses that it alleges in the Complaint. Moreover, the "Limitation of Liability" provision caps Music Dealers' total damages at a refund of fees paid for the three months preceding the alleged breach. As a result, Music Dealers cannot seek its requested damages based on its own pleading and governing law, even if Music Dealers could plead an actionable contract claim (which it cannot).

5. Music Dealers also fails to allege an actionable "fraud" claim. The allegedly fraudulent "statement" is not pleaded with particularity, as required by Rule 9(b). In any event, the alleged "statement" cannot form the basis of a fraud claim. The alleged "statement" is one of opinion, not fact, and refers to future or contingent events, not pre-existing or present facts. In addition, the Contract includes an integration provision barring reasonable reliance on such an

alleged "statement" that contradicts the Contract's express terms. For each and all of those reasons, Count II fails as a matter of law.

6. This Motion is based on the Memorandum of Points and Authorities in Support of the Motion ("Memorandum"), which is being filed contemporaneously herewith, and is incorporated herein by reference.

7. WHEREFORE, for the reasons set forth above and in the Memorandum, Sierra Bravo respectfully requests that the Court: (a) grant this Motion; (b) dismiss Music Dealers' Complaint *with prejudice*; (c) award Sierra Bravo its attorneys' fees as permitted and provided for a prevailing party in the Contract (*see* Exh. A to the Complaint, at § 19); and (d) grant such further relief as the Court deems just and appropriate.

Dated: February 8, 2012

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

By: _____
One of the Attorneys for Defendant

Hillard M. Sterling, Esq. ARDC No. 6232655
Nicole R. Sorell, Esq., ARDC No. 6307055
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: 312-463-3410
Fax: 312-345-1778
Email: hsterling&lbbslaw.com

4832-8086-6318.1

3