**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MUSIC DEALERS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 12 CV 712 |
| | ) | |
| v. | ) | Judge Sharon J. Coleman |
| | ) | |
| SIERRA BRAVO CORPORATION, | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**AGREED PROTECTIVE ORDER**

THIS MATTER having come before the Court on the agreement and joint motion of Plaintiff/Counter-Defendant, Music Dealers, LLC ("MDL") and Defendant/Counter-Plaintiff, Sierra Bravo Corporation ("Sierra Bravo") (individually each "Party" and collectively the "parties") for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and LR 26.2(b); the Court having been advised that confidential and proprietary information may be disclosed in discovery and at trial of this cause,

IT IS HEREBY ORDERED:

In the course of the proceedings in this action, the parties anticipate that they, or nonparty witnesses (the "Producing Party"), shall disclose confidential, technical, strategic, non-public, proprietary, or financial information ("Confidential Information"), the disclosure of which will result in prejudice to the Producing Party. Accordingly, when Confidential Information is produced in this action, the following procedures shall be employed:

1. Confidential Information as used herein means: (i) strategic information, and business plans relating to the business of MDL or Sierra Bravo, (ii) financial information relating to the business of MDL or Sierra Bravo, and (iii) proprietary, technical information relating to the functionality of the software application that is the subject of this dispute, whether that information be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, answers to requests for admission, or otherwise. Should any such strategic, technical, non-public, proprietary, financial, or other sensitive information be publicly disclosed, MDL or Sierra Bravo would suffer prejudice and be at competitive disadvantage in the marketplace.

2. All Confidential Information produced or exchanged pursuant to pretrial discovery in this litigation shall be used solely for the purpose of this litigation except by further order of the Court and shall be disclosed solely to any Qualified Person as set forth below or as otherwise agreed by the parties in writing or by further order of the Court.

3. "Qualified Person" as used herein means: (i) Counsel of record for the parties as well as employees of their law firms, (ii) Parties to the lawsuit and their employees, (iii) Independent experts retained to assist outside counsel and who agree in writing to be bound by the terms of this Order; (iv) witnesses during, or in preparation for, deposition or trial testimony; (v) any other person agreed upon in writing by the parties hereto; and (vi) the Court, under conditions satisfactory to the Court to preserve the parties' rights to the Confidential Information. No third party shall become a Qualified Person until he or she has signed the acknowledgement attached hereto as Exhibit A.

4. Transcripts, depositions, exhibits, answers to interrogatories, and other documents and things produced by a party or Producing Party pursuant to pretrial discovery may be designated as Confidential Information by marking each page "Confidential." In lieu of marking the original, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but any other party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial of this action.

5. Confidential Information contained or embodied in a form other than writing, such as electronic documents, films, tapes, apparatus, and the like, shall be designated as being Confidential by affixing a tag or label to the item or electronic file conspicuously bearing the word "Confidential."

6. Counsel need not designate specific testimony as Confidential during the course of a deposition but may request that the entire contents of the deposition shall be designated Confidential and subject to the provisions of this Order. The attorney designating an entire deposition Confidential shall have thirty (30) days after receipt of the transcript to designate those portions of the testimony deemed Confidential and to inform opposing counsel of such designation. The portions of the testimony so designated shall be subject to the provisions of this Order. Failure to so designate shall remove the deposition from the provisions of this Order.

7. Confidential Information shall not be disclosed or made available to persons other than Qualified Persons or the party who produced the Confidential Information without further order of the Court except as otherwise provided in this paragraph.

8. No person or party may disclose, in public or private, designated material except as set forth in this Order, but nothing contained in this Order shall affect the right of any designating party to disclose to anyone information it designated as Confidential.

9. Nothing herein shall prevent disclosure of Confidential Information beyond the terms of this Order if all parties consent to such disclosure, or, if the Court, after notice to all parties, orders such disclosure. Nothing herein shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is alleged to be or has claimed to be the author or source of or the recipient of a copy of the Confidential Information, irrespective of which party produced such information.

10. Unless any item which is subject to the provisions of this Order is designated as Confidential in accordance with this Order, the information disclosed by the parties shall not be subject to this Order, unless otherwise ordered or stipulated.

11. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the propriety of a designation by the supplying party of any information as Confidential, or should any interested member of the public disagree with the propriety of a designation by a supplying party of any information filed under seal, the parties shall first attempt to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court; provided, however, that the party claiming information as Confidential shall have the burden of proving that the information is appropriately the subject of protection hereunder.

12. No document may be filed under seal absent an order by the Court granting a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing that particular document or portion of document. Confidential Materials used or submitted to the Court in connection with any filing or proceeding in this litigation shall at all times be subject to the provisions of Northern District of Illinois Local Rule 26.2.

13. The inadvertent or unintentional disclosure by a party producing Confidential Information in discovery (a "Producing Party") of information, documents or things that it believes should have been designated as "Confidential," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim that the information is confidential, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the party must notify the opposing party promptly upon discovery of the inadvertent or unintentional failure to designate by giving written notice to the opposing party that the information, documents or things are Confidential and should be treated in accordance with the provisions of this Protective Order. The opposing party must treat such information, documents or things as Confidential from the date such written notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential materials shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made must be immediately advised that the material disclosed is Confidential, as appropriate, and must be treated in accordance with this Protective Order and the Confidential materials must be retrieved from them.

14. If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the party may give written notice to the opposing party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the party. Upon such request, the opposing party shall return such documents or things,

including all copies. Return of the document by the opposing party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should otherwise be producible.

15. Promptly upon final termination of this action, including appeals and any injunctive relief, each party having documents containing Confidential Information or material designated as Confidential by another party or nonparty witness shall assemble and return to the producing party or destroy, if requested by the producing party, all such documents and materials. Nothing in this provision shall require the return of documents that are incorporated in, or part of, attorney work-product documents or materials. Destruction of any Confidential Information or material shall be confirmed in writing by the party destroying such information or materials, and the return of any Confidential Information or material shall be acknowledged by the party receiving same.

16. Third parties and the parties to this litigation may designate information Confidential in accordance with this Order. The Confidential designations contained thereon, if any, shall have the same force and effect as if those designations were made pursuant to the terms of this Order.

17. Each Qualified Person shall have the duty to use reasonable care and precautions to ensure observance of this Order.

18. Nothing contained herein shall constitute an admission that Confidential Information is Confidential, proprietary, or constitutes a trade secret of the producing party. Likewise, it shall not constitute an admission that such Confidential Information is admissible in evidence at trial of this action, or otherwise be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

19. The Court may enter such other and further relief as it deems appropriate, and this Order is without prejudice to the right of any party to apply for such relief.

20. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

| | |
|---|---|
| *One of the attorneys for Plaintiff* <br> *MUSIC DEALERS, LLC* | *One of the attorneys for Defendant* <br> *SIERRA BRAVO CORPORATION* |

/s/ Elvis D. Gonzalez　　　/s/ Hillard M. Sterling

Elvis D. Gonzalez　　　　　***Signed with permission***
ELVIS GONZALEZ, LTD.　　　　Hillard M. Sterling, Esq.
Three First National Plaza　　　 LEWIS BRISBOIS BISGAARD & SMITH LLP
70 West Madison Street, Suite 1515  550 West Adams Street, Suite 300
Chicago, IL 60602　　　　　　　Chicago, IL 60661
egonzalez@elvisgonzalezltd.com　hsterlin@lbbslaw.com

E N T E R:

*[signature: Mary M Rowland]*

Dated: April 5, 2013

MARY M. ROWLAND
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MUSIC DEALERS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 12 CV 712 |
| | ) | |
| v. | ) | Judge Sharon J. Coleman |
| | ) | |
| SIERRA BRAVO CORPORATION, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**STATEMENT ACKNOWLEDGING PROTECTIVE ORDER**

The undersigned hereby acknowledges receipt of a copy of the RESTRICTING ORDER entered in the above case on _____, 2011, and states that he or she is bound by the ORDER.

Dated: _____, 20__.

_____
Signature

_____
Printed Name

_____
_____
Address

**EXHIBIT A**