IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MUSIC DEALERS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 12 CV 712 |
| | ) | |
| v. | ) | Judge Sharon J. Coleman |
| | ) | |
| SIERRA BRAVO CORPORATION, | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

### RENEWED MOTION TO COMPEL OF
### PLAINTIFF/COUNTER-DEFENDANT MUSIC DEALERS, LLC

Plaintiff/Counter-Defendant, Music Dealers, LLC ("MDL"), by and through its attorneys, Elvis Gonzalez, Ltd., and in accordance with Rules 26 and 37 of the Federal Rules of Civil Procedure and LR 37.2, seeks an order compelling Defendant/Counter-Plaintiff, Sierra Bravo Corporation ("SBC"), to complete its supplemental document production in this matter. In support thereof, MDL states as follows:

1. MDL instituted this action in the Circuit Court of Cook County on December 13, 2011, asserting causes of action arising out of a software application designed for it by SBC. On Febraury 1, 2012, SBC filed a Notice of Removal.

2. On January 10, 2013, MDL served its First Set of Interrogatories and First Set of Requests to Produce to which SBC responded on Febraury 27, 2013.

3. On March 7, 2013, the undersigned transmitted an electronic mail to Hillard Sterling, counsel for SBC, informing of various formatting issues with SBC's document production, which resulted in documents being illegible, and certain omitted files, including electronic mails, QuickBooks files, and Google Docs. On March 8, 2013, Mr. Sterling responded by electronic mail, stating that he was aware of the production issues, and that SBC

was working to correct and complete its production in a supplemental production.

4. On March 26, 2013, the undersigned engaged in a formal discovery conference under Local Rule 37.2 by telephone with Mr. Sterling at which time the parties agreed that SBC would serve supplemental Interrogatory Answers to MDL's Interrogatory Nos. 3, 5, 7, 8, and 14. Mr. Sterling further stated his expectation that SBC could correct its production by March 29, 2013, well in advance of the current written discovery completion date of April 8, 2013. SBC further agreed to include in its supplemental production various omitted categories of documents, including time records, electronic mail, QuickBooks files, public drives, Google docs, and source code.

5. On April 3, 2013, SBC provided its supplemental document production to MDL. However, various issues remained, and MDL filed a Motion to Compel ("the Motion") on April 8, 2013 (Docket No. 32). Prior to the presentation of the Motion, the parties reached agreement on facilitating the production of e-mail correspondence by SBC through the potential use of an additional "attorneys eyes only" designation in the parties' Agreed Protective Order (Docket No. 31). SBC also agreed to serve its Supplemental Interrogatory Answers, complete its document production, and produce native format files of the previously illegible documents. As a result, on April 16, 2013, MDL withdrew the Motion. The Court, however, retained a copy of the Motion should it be necessary for MDL to seek further relief in the future.

6. On May 10, 2013, the undersigned engaged in a telephonic conference with Elizabeth Winiarski, counsel for SBC, to address the outstanding written discovery. Following that conference, SBC produced native format files, which corrected the illegible document production. On May 14, 2013, the undersigned communicated with counsel for SBC by electronic mail, concerning the status of the remaining outstanding written discovery items. Ms.

Winiarski informed the undersigned that, "We are working on getting everything to you, document production and supplemental written discovery, by Friday."

      7.      On May 17, 2013, SBC served its Supplemental Interrogatory Answers. However, as of the date of this Motion, has not completed its document production, which includes unproduced e-mails, time records, meeting minutes, TRAC summaries, and task lists. Accordingly, after consultation by telephone, electronic mail, and good faith attempts to resolve differences, the parties have been unable to reach an accord concerning SBC's supplemental discovery responses and supplemental document production prior to the current written fact discovery completion date.

      WHEREFORE, Plaintiff/Counter-Defendant, MusicDealers, LLC, respectfully requests that this Court enter an Order, granting the following relief:

(A)    Compelling Defendant/Counter-Plaintiff, Sierra Bravo Corporation to supplements its document production to include unproduced e-mails, time records, meeting minutes, TRAC summaries, and task lists in response to Music Dealers, LLC's First Set of Requests to Produce;

(B)    Awarding its reasonable attorneys' fees; and

(C)    Granting such other and further relief as the Court deems just and equitable.

      Respectfully Submitted,

      MUSIC DEALERS, LLC

      /s/ Elvis D. Gonzalez
      By: Its Attorney

Elvis D. Gonzalez (ARDC NO. 6280115)
ELVIS GONZALEZ, LTD.
Three First National Plaza
70 West Madison Street, Suite 1515
Chicago, Illinois 60602
312-558-9779
egonzalez@elvisgonzalezltd.com
405683.1-11270.00100